**GARY J. VALERIANO (Bar No. 89644)**
  gjv@amclaw.com
**KENNETH D. WATNICK (Bar No. 150936)**
  kdw@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**444 South Flower Street**
**Thirty-First Floor**
**Los Angeles, California  90071-2901**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Defendant TRAVELERS CASUALTY
AND SURETY COMPANY OF AMERICA**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PESTMASTER SERVICES, INC,, a California Corporation, and JEFFREY M. VAN DIEPEN, and Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, and DOES 1 to 50, Inclusive, <br><br> Defendants. | Case No. CV13-05039-JFW (MRWx) <br><br> **DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S ANSWER TO COMPLAINT** <br><br> Trial Date:            June 10, 2014 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Travelers Casualty and Surety Company of America ("Defendant" or "Travelers") answers the Complaint of Plaintiff Pestmaster Services, Inc. ("Plaintiff" or "Pestmaster").  If an averment is not specifically admitted, it is hereby denied.

I.

# **INTRODUCTION**

1.      Answering Paragraph 1, Travelers admits that this is an insurance coverage action concerning the rights and obligations of Pestmaster and Travelers under Wrap + Crime Policy No. 105726762 (the "Policy").  Except as expressly

/ / /

1116359.1 02985-643

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA  90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  admitted, Travelers denies, generally and specifically, the allegations in Paragraph 1

2  of the Complaint.

3      2.    Answering Paragraph 2, Travelers admits that Pestmaster is an insured

4  under the Policy and that the Policy is the best evidence of its terms and conditions.

5  Except as expressly admitted, Travelers denies, generally and specifically, the

6  allegations in Paragraph 2 of the Complaint.

## II.

## JURISDICTION AND VENUE

9      3.    Answering Paragraph 3, Travelers admits the allegations contained

10  therein.

11      4.    Answering Paragraph 4, Travelers denies, generally and specifically,

12  each and every allegation contained therein.

13      5.    Answering Paragraph 5, Travelers admits the allegations contained

14  therein.

## III.

## PARTIES

17      6.    Answering Paragraph 6, Travelers lacks sufficient knowledge or

18  information to form a belief concerning the truth of the factual allegations contained

19  therein and on that basis denies such allegations.  Paragraph 6 further contains legal

20  conclusions and argument as to which no response is required.

21      7.    Answering Paragraph 7, Travelers lacks sufficient knowledge or

22  information to form a belief concerning the truth of the factual allegations contained

23  therein and on that basis denies such allegations.  Paragraph 7 further contains legal

24  conclusions and argument as to which no response is required.

25      8.    Answering Paragraph 8, Travelers admits the allegations contained

26  therein.

27      9.    Travelers is not required to respond to this Paragraph of the Complaint.

28  The Court has dismissed all Doe Defendants from the action.

**IV.**

**BACKGROUND FACTS**

10.     Answering Paragraph 10, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

11.     Answering Paragraph 11, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

12.     Answering Paragraph 12, Travelers admits that the Policy is the best evidence of its terms and conditions and policy period and that a true and correct copy of the Policy is attached as Exhibit A to the Complaint.  Except as expressly admitted herein, Travelers denies, generally and specifically, each and every allegation contained in Paragraph 12 of the Complaint.

13.     Answering Paragraph 13, Travelers admits that Paragraph 13 contains some of the Insuring Agreements from the Policy and that the Policy is the best evidence of its terms and conditions.  Except as expressly admitted, Travelers denies, generally and specifically, the allegations contained in Paragraph 13 of the Complaint.

14.     Answering Paragraph 14, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15.     Answering Paragraph 15, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

16.     Answering Paragraph 16, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1116359.1 02985-643

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

17. Answering Paragraph 17, Travelers denies, generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 18, Travelers admits that Travelers acknowledged receipt of a potential claim and that a letter dated June 14, 2011 from Travelers, with enclosure, is the best evidence of its contents. Except as expressly admitted, Travelers denies, generally and specifically, the allegations contained in Paragraph 18 of the Complaint.

19. Answering Paragraph 19, Travelers denies, generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20, Travelers denies, generally and specifically, each and every allegation contained therein.

21. Answering Paragraph 21, Travelers admits that its representative had a conversation with Pestmaster's insurance broker. Except as expressly admitted, Travelers denies, generally and specifically, each and every allegation contained therein.

22. Answering Paragraph 22, Travelers denies, generally and specifically, each and every allegation contained therein.

23. Answering Paragraph 23, Travelers denies, generally and specifically, each and every allegation contained therein.

24. Answering Paragraph 24, Travelers admits that it sent a letter dated December 6, 2011 to Pestmaster and that the letter is the best evidence of its contents. Except as expressly admitted, Travelers denies, generally and specifically, the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph 25, Travelers denies, generally and specifically, each and every allegation contained therein.

26. Answering Paragraph 26, Travelers lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1116359.1 02985-643

4

**1**    27.    Answering Paragraph 27, Travelers denies, generally and specifically,

**2**  the allegations contained in Paragraph 27 of the Complaint.

**3**    28.    Answering Paragraph 28, Travelers admits that Mr. Van Diepen had a

**4**  conversation with Ms. Veniegas during a settlement conference on an unrelated

**5**  claim.  Except as expressly admitted herein, Travelers denies, generally and

**6**  specifically, the allegations in Paragraph 28 of the Complaint.

**7**    29.    Answering Paragraph 29, Travelers admits that on or about July 23,

**8**  2012, Travelers sent an acknowledgement letter and requested that Pestmaster

**9**  complete a proof of loss.  Except as expressly admitted, Travelers denies, generally

**10**  and specifically, the allegations in Paragraph 29 of the Complaint.

**11**    30.    Answering Paragraph 30, Travelers admits that Ms. Veniegas

**12**  forwarded information that she received from Pestmaster to another Travelers'

**13**  representative.  Travelers admits that the documents are the best evidence of their

**14**  contents.  Except as expressly admitted, Travelers denies, generally and specifically,

**15**  the allegations in Paragraph 30 of the Complaint.

**16**    31.    Answering Paragraph 31, Travelers admits that an e-mail dated August

**17**  22, 2012 from Travelers' representative to Jeff Van Diepen is the best evidence of

**18**  its contents.  Except as expressly admitted, Travelers denies, generally and

**19**  specifically, the allegations in Paragraph 31 of the Complaint.

**20**    32.    Answering Paragraph 32, Travelers denies, generally and specifically,

**21**  each and every allegation contained therein.

**22**    33.    Answering Paragraph 33, Travelers denies, generally and specifically,

**23**  each and every allegation contained therein.

**24**    34.    Answering Paragraph 34, Travelers admits that a counsel for

**25**  Pestmaster had a telephone conversation with a Travelers' representative on or

**26**  about September 26, 2012.  Except as expressly admitted, Travelers denies,

**27**  generally and specifically, the allegations in Paragraph 34 of the Complaint.

**28**  / / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1116359.1 02985-643

5

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1    35.    Answering Paragraph 35, Travelers admits that Pestmaster's counsel

2  sent an e-mail dated October 17, 2012 to Travelers and that the e-mail is the best

3  evidence of its contents.  Except as expressly admitted, Travelers denies, generally

4  and specifically, the allegations in Paragraph 35 of the Complaint.

5    36.    Answering Paragraph 36, Defendant admits that Pestmaster's counsel

6  sent an e-mail dated October 18, 2012 to Travelers and that the e-mail is the best

7  evidence of its contents.  Except as expressly admitted, Travelers denies, generally

8  and specifically, the allegations in Paragraph 36 of the Complaint.

9    37.    Answering Paragraph 37, Travelers admits that it sent an e-mail dated

10  October 18, 2012 to Pestmaster's counsel and that the e-mail is the best evidence of

11  its contents.  Except as expressly admitted, Travelers denies, generally and

12  specifically, the allegations in Paragraph 37 of the Complaint.

13    38.    Answering Paragraph 38, Travelers admits that Pestmaster's counsel

14  sent an e-mail dated October 18, 2012 to Travelers and that the e-mail is the best

15  evidence of its contents.  Except as expressly admitted, Travelers denies, generally

16  and specifically, the allegations in Paragraph 38 of the Complaint.

17    39.    Answering Paragraph 39, Travelers admits that Pestmaster's counsel

18  sent an e-mail dated October 22, 2012 to Travelers and that the e-mail is the best

19  evidence of its contents.  Except as expressly admitted, Travelers denies each and

20  every allegation contained therein.

21    40.    Answering Paragraph 40, Travelers admits that it sent an e-mail dated

22  October 22, 2012 to Pestmaster's counsel and that the e-mail is the best evidence of

23  its contents.  Except as expressly admitted, Travelers denies, generally and

24  specifically, the allegations contained in Paragraph 40 of the Complaint.

25    41.    Answering Paragraph 41, Travelers admits that Pestmaster's counsel

26  sent an e-mail dated November 1, 2012 to Travelers and that the e-mail is the best

27  evidence of its contents.  Except as expressly admitted, Travelers denies, generally

28  and specifically, the allegations in Paragraph 41 of the Complaint.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   42.   Answering Paragraph 42, Defendant admits that Pestmaster's counsel

2   sent an e-mail dated November 8, 2012 to Travelers and that the e-mail is the best

3   evidence of its contents.  Except as expressly admitted, Travelers denies, generally

4   and specifically, the allegations contained in Paragraph 42 of the Complaint.

5   43.   Answering Paragraph 43, Travelers denies, generally and specifically,

6   each and every allegation contained therein.

7   44.   Answering Paragraph 44, Travelers denies, generally and specifically,

8   each and every allegation contained therein.

9   45.   Answering Paragraph 45, Travelers admits that Pestmaster's counsel

10   sent an e-mail dated November 30, 2012 to Travelers and that the e-mail is the best

11   evidence of its contents.  Except as expressly admitted, Travelers denies, generally

12   and specifically, the allegations in Paragraph 45 of the Complaint.

13   46.   Answering Paragraph 46, Travelers admits that it sent an e-mail dated

14   November 30, 2012 to Pestmaster's counsel and that the e-mail is the best evidence

15   of its contents.  Except as expressly admitted, Travelers denies, generally and

16   specifically, the allegations in Paragraph 46 of the Complaint.

17   47.   Answering Paragraph 47, Travelers denies, generally and specifically,

18   each and every allegation contained therein.

19   48.   Answering Paragraph 48, Travelers admits that it sent an e-mail dated

20   December 21, 2012 to Pestmaster's counsel and that the e-mail is the best evidence

21   of its contents.  Except as expressly admitted, Travelers denies, generally and

22   specifically, the allegations in Paragraph 48 of the Complaint.

23   49.   Answering Paragraph 49, Travelers admits that it sent a letter dated

24   January 4, 2013 to Pestmaster's counsel and that the letter is the best evidence of its

25   contents.  Except as expressly admitted, Travelers denies, generally and specifically,

26   the allegations in Paragraph 49 of the Complaint.

27   50.   Answering Paragraph 50, Travelers denies, generally and specifically,

28   each and every allegation contained therein.

1116359.1 02985-643

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

**1**   51.   Answering Paragraph 51, Travelers admits that Pestmaster's counsel

**2** sent a letter dated May 15, 2013 to Travelers and that the letter is the best evidence

**3** of its contents.  Except as expressly admitted, Travelers denies, generally and

**4** specifically, the allegations in Paragraph 51 of the Complaint.

**5**   52.   Answering Paragraph 52, Travelers admits that it sent a letter dated

**6** May 22, 2013 to Pestmaster's counsel and that the letter is the best evidence of its

**7** contents.  Except as expressly admitted, Travelers denies, generally and specifically,

**8** the allegations in Paragraph 52 of the Complaint.

**9**                                            **V.**

**10**                          **FIRST CAUSE OF ACTION**

**11** (**Breach of the Implied Covenant of Good Faith and Fair Dealing by Pestmaster**

**12**          **Against Defendants Travelers and Does 1-25, Inclusive**)

**13**   53.   Answering Paragraph 53, Travelers incorporates its responses to

**14** Paragraphs 1 through 52 as if set forth fully herein.

**15**   54.   Answering Paragraph 54, Travelers admits that there is an implied duty

**16** of good faith and fair dealing in every insurance policy.  Travelers denies, generally

**17** and specifically, that it breached the duty of good faith and fair dealing.  Except as

**18** expressly admitted herein, Defendant denies, generally and specifically, each and

**19** every allegation contained therein.

**20**   55.   Answering Paragraph 55, Travelers denies, generally and specifically,

**21** each and every allegation contained therein.

**22**   56.   Answering Paragraph 56, Travelers denies, generally and specifically,

**23** each and every allegation contained therein.

**24**   57.   Answering Paragraph 57, Travelers denies, generally and specifically,

**25** each and every allegation contained therein.

**26**   58.   Answering Paragraph 58, Travelers denies, generally and specifically,

**27** each and every allegation contained therein.

**28** / / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1116359.1 02985-643

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

1   59.     Answering Paragraph 59, Travelers denies, generally and specifically,

2   each and every allegation contained therein.

3   ## VI.

4   ## SECOND CAUSE OF ACTION

5   **(Breach of Contract by Pestmaster Against Defendant Travelers and Does 1-25,**

6   **Inclusive)**

7   60.     Answering Paragraph 60, Travelers incorporates its responses to

8   Paragraphs 1 through 59 as if set forth fully herein.

9   61.     Answering Paragraph 61, Travelers denies, generally and specifically,

10  each and every allegation contained therein.

11  62.     Answering Paragraph 62, Travelers denies, generally and specifically,

12  each and every allegation contained therein.

13  63.     Answering Paragraph 63, Travelers denies, generally and specifically,

14  each and every allegation contained therein.

15  ## VII.

16  ## THIRD CAUSE OF ACTION

17  **(Violation of Cal. Bus. & Prof. Code. §17200, et seq. by Pestmaster Against**

18  **Defendant Travelers and Does 1-25, Inclusive)**

19  64.     The Court previously dismissed this cause of action.  No response is

20  required to this paragraph.

21  65.     The Court previously dismissed this cause of action.  No response is

22  required to this paragraph.

23  66.     The Court previously dismissed this cause of action.  No response is

24  required to this paragraph.

25  67.     The Court previously dismissed this cause of action.  No response is

26  required to this paragraph.

27  68.     The Court previously dismissed this cause of action.  No response is

28  required to this paragraph.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1116359.1 02985-643

9

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

1  69.  The Court previously dismissed this cause of action. No response is

2  required to this paragraph.

3  70.  The Court previously dismissed this cause of action. No response is

4  required to this paragraph.

5  71.  The Court previously dismissed this cause of action. No response is

6  required to this paragraph.

7  72.  The Court previously dismissed this cause of action. No response is

8  required to this paragraph.

9  **VIII.**

10  **FOURTH CAUSE OF ACTION**

11  (**Intentional Infliction of Emotional Distress by Van Diepen Against Defendants**

12  **Travelers and Does 1-50, Inclusive**)

13  73.  The Court previously dismissed this cause of action. No response is

14  required to this paragraph.

15  74.  The Court previously dismissed this cause of action. No response is

16  required to this paragraph.

17  75.  The Court previously dismissed this cause of action. No response is

18  required to this paragraph.

19  76.  The Court previously dismissed this cause of action. No response is

20  required to this paragraph.

21  77.  The Court previously dismissed this cause of action. No response is

22  required to this paragraph.

23  78.  The Court previously dismissed this cause of action. No response is

24  required to this paragraph.

25  79.  The Court previously dismissed this cause of action. No response is

26  required to this paragraph.

27  80.  The Court previously dismissed this cause of action. No response is

28  required to this paragraph.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1    81.    The Court previously dismissed this cause of action.  No response is

2  required to this paragraph.

3    82.    The Court previously dismissed this cause of action.  No response is

4  required to this paragraph.

5    83.    The Court previously dismissed this cause of action.  No response is

6  required to this paragraph.

7    84.    The Court previously dismissed this cause of action.  No response is

8  required to this paragraph.

9    85.    The Court previously dismissed this cause of action.  No response is

10  required to this paragraph.

11    86.    The Court previously dismissed this cause of action.  No response is

12  required to this paragraph.

13    87.    The Court previously dismissed this cause of action.  No response is

14  required to this paragraph.

15                               **IX.**

16                    **FIFTH CAUSE OF ACTION**

17  (**Negligent Infliction of Emotional Distress by Van Diepen Against Defendants**

18                    **Travelers and Does 1-50, Inclusive**)

19    88.    Van Diepen previously stipulated to the dismissal of this cause of

20  action.  No response is required to this paragraph.

21    89.    Van Diepen previously stipulated to the dismissal of this cause of

22  action.  No response is required to this paragraph.

23    90.    Van Diepen previously stipulated to the dismissal of this cause of

24  action.  No response is required to this paragraph.

25    91.    Van Diepen previously stipulated to the dismissal of this cause of

26  action.  No response is required to this paragraph.

27    92.    Van Diepen previously stipulated to the dismissal of this cause of

28  action.  No response is required to this paragraph.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**X.**

**SIXTH CAUSE OF ACTION**

(**Declaratory Relief by Pestmaster Against Defendants Travelers and Does 1-25, Inclusive**)

93.     Answering Paragraph 93, Travelers incorporates its responses to Paragraphs 1 through 92 as if set forth fully herein.

94.     Answering Paragraph 94, Travelers denies, generally and specifically, each and every allegation contained therein.

95.     Answering Paragraph 95, Travelers denies, generally and specifically, each and every allegation contained therein.

96.     Answering Paragraph 96, Travelers admits that there is a genuine dispute between the parties as to coverage.  Except as expressly admitted, Travelers denies, generally and specifically, each and every allegation in Paragraph 96 of the Complaint.

97.     Answering Paragraph 97, Travelers denies, generally and specifically, the allegations in Paragraph 97 of the Complaint.

98.     Answering Paragraph 98, Travelers admits that Pestmaster seeks a declaration of its rights under the Policy.  Except as expressly admitted, Travelers denies, generally and specifically, the allegations in Paragraph 98 of the Complaint.

**AFFIRMATIVE DEFENSES**

Travelers pleads the following separate affirmative defenses to the Complaint and to the purported causes of action set forth therein.  Travelers reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Travelers alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(All Obligations Performed)**

3        2.    As a separate and second affirmative defense to the Complaint and each

4  purported cause of action contained therein, Travelers alleges that it has fully and

5  substantially performed any and all obligations it may have had under the Policy.

6

**THIRD AFFIRMATIVE DEFENSE**

7

**(Alleged Loss not Covered by Policy)**

8        3.    As a separate and third affirmative defense to the Complaint and each

9  purported cause of action contained therein, Travelers alleges that Pestmaster did

10  not sustain a loss covered under the Policy.

11

**FOURTH AFFIRMATIVE DEFENSE**

12

**(Indirect Loss Not Covered by Bonds)**

13        4.    As a separate and fourth affirmative defense to the Complaint and each

14  purported cause of action contained therein, Travelers alleges that any indirect loss

15  alleged by Pestmaster is excluded pursuant to Section 4(L) of the Policy.

16

**FIFTH AFFIRMATIVE DEFENSE**

17

**(Loss of Income not Covered by Policy)**

18        5.    As a separate and fifth affirmative defense to the Complaint and each

19  purported cause of action contained therein, Travelers alleges that any loss of actual

20  or potential income or opportunities alleged by Pestmaster is excluded pursuant to

21  Section 4(J) of the Policy.

22

**SIXTH AFFIRMATIVE DEFENSE**

23

**(No Coverage for Loss Requiring Profit and Loss Computation)**

24        6.    As a separate and sixth affirmative defense to the Complaint and each

25  purported cause of action contained therein, Travelers alleges that the Policy does

26  not cover any portion of the claimed loss, the proof of which as to its existence or

27  amount is dependent solely upon a profit and loss computation.

28  / / /

1116359.1 02985-643

13

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## SEVENTH AFFIRMATIVE DEFENSE

### (Alleged Loss Excluded)

7.     As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that Plaintiff's Claim is excluded from coverage under the Policy, by way of exclusion, including, but not limited to, Section 4 (E) (G), (H), (I), (J), (K), (L), (O), (W), (X), (Z), and (CC) of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

### (Terms and Conditions)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that Pestmaster failed to comply with the terms and conditions of the Policy.

## NINTH AFFIRMATIVE DEFENSE

### (Genuine Issues in Dispute)

9.     As a separate and ninth affirmative defense to the Complaint, Travelers alleges that Pestmaster is precluded from asserting a claim for breach of the implied covenant of good faith and fair dealing or seeking damages for any alleged breach of the implied covenant because there is no coverage for the claim or, alternatively, there is a genuine issue in dispute as to coverage.

## TENTH AFFIRMATIVE DEFENSE

### (Policy Benefits Not Unreasonably Withheld)

10.     As a separate and tenth affirmative defense to the Complaint, Travelers alleges that Pestmaster is precluded from asserting a claim for breach of the implied covenant of good faith and fair dealing or seeking damages for any alleged breach of the implied covenant because it cannot establish that (1) benefits due under the Policy were withheld; and/or (2) the reason for withholding benefits was unreasonable or without proper cause.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts in Good Faith)

11.     As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that the Complaint and each purported cause of action contained therein are barred in that this answering Defendant acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that Pestmaster's alleged claim for punitive damages is barred by the provisions of California Civil Code Sections 3294 and 3295.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Limited)

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that even if Plaintiff produces clear and convincing evidence against Travelers sufficient to satisfy the requirements for punitive damages under California Civil Code, Section 3294, any punitive damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in BMW of North America. Inc. v. Ira Gore. Jr.: (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Denial of Due Process)

14.     As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Travelers alleges that the application to this answering Defendant in this action of the California Judicial

1116359.1 02985-643

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  Doctrine that a breach of the implied covenant of good faith and fair dealing may be

2  the basis for the imposition of extra-contractual or punitive damages in insurance

3  cases constitutes a denial of due process, procedural and/or substantive, in violation

4  of the Fifth and Fourteenth Amendments to the United States Constitution, and

5  violates the California common law as to statutory interpretation with respect to

6  California Civil Code Sections 3294 and 3295 in that, among other things but

7  without limitation, failure to bifurcate the trial of issues relating to policy liability

8  from the trial of issues relating to alleged bad faith, malice, oppression and

9  emotional distress creates an unreasonable and unnecessary risk of an improper

10  decision on all such issues; in that the criteria for imposition of punitive damages are

11  unduly vague and uncertain; and in that there are no proper limits or guidance as to

12  the amount that may be awarded and there is no guidance as to the method used to

13  determine the amount of the punitive damages to be awarded.

14         WHEREFORE, Travelers prays for relief as follows:

15         1.     That the Complaint be dismissed, with prejudice and in its entirety;

16         2.     That Plaintiff take nothing by reason of this Complaint and that

17  judgment be entered against Plaintiff and in favor of Travelers;

18         3.     That Travelers be awarded attorneys' fees and costs incurred in

19  defending this action; and

20         4.     That Travelers be granted such other and further relief as the Court may

21  deem just and proper.

22  DATED: September 23, 2013          ANDERSON, McPHARLIN & CONNERS LLP

23

24                                     By: /s/ Kenneth D. Watnick

25                                         Gary J. Valeriano
                                           Kenneth D. Watnick

26                                     Attorneys for Defendant TRAVELERS
                                       CASUALTY AND SURETY COMPANY OF
27                                     AMERICA

28

1116359.1 02985-643

16

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2       Travelers Casualty and Surety Company of America hereby demands a trial

3  by jury of this action.

4  DATED: September 23, 2013          ANDERSON, McPHARLIN & CONNERS LLP

5

6

7                                    By: /s/ Kenneth S. Watnick

8                                        Gary J. Valeriano
                                         Kenneth D. Watnick
9                                    Attorneys for Defendant TRAVELERS

10                                   CASUALTY AND SURETY COMPANY OF
                                     AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1116359.1 02985-643

DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER TO COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA  90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen years and not a party to the within action; my business address is
4 444 South Flower Street, Thirty-First Floor, Los Angeles, California 90071-2901.

5      On September 23, 2013, I served the following document(s) described as
**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF
6 AMERICA'S ANSWER TO COMPLAINT** on the interested parties in this action
by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7

8      Ian Corzine, Esq.                              Attorneys for Plaintiffs
West Corzine, LLP                           Pestmaster Services, Inc.
400 West Ventura Boulevard            and Jeffrey M. Van
9      Suite 205                                        Diepen
Camarillo, CA  93010-9141
10     Telephone: (805) 388-5887
Facsimile: (805) 384-1518

11
**BY MAIL:**  I am "readily familiar" with Anderson, McPharlin & Conners' practice
12 for collecting and processing correspondence for mailing with the United States
Postal Service.  Under that practice, it would be deposited with the United States
13 Postal Service that same day in the ordinary course of business.  Such envelope(s)
were placed for collection and mailing with postage thereon fully prepaid at Los
14 Angeles, California, on that same day following ordinary business practices.

15      I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
16 of a member of the bar of this Court at whose direction the service was made.
Executed on September 23, 2013, at Los Angeles, California.

17

18                                    *Maureen Allen*
                                      Maureen Allen

19

20

21

22

23

24

25

26

27

28